Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: August 6th, 2018**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

| | |
|---|---|
| IN RE:<br><br>CAMERON DEAN RIFFE and<br>SHEILA MARIE RIFFE,<br><br><br><br>Debtor. | CASE NO. 5:17-bk-50266<br><br>CHAPTER 13<br><br><br><br>JUDGE FRANK W. VOLK |
| CAMERON DEAN RIFFE and<br>SHEILA MARIE RIFFE,<br><br>Plaintiffs,<br>v.<br><br>VANDERBILT MORTGAGE and<br>FINANCE, Inc.<br><br>Defendant. | ADVERSARY PROCEEDING NO.<br>5:18-ap-05003 |

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion to Dismiss Adversary Proceeding by Vanderbilt Mortgage

and Finance, Inc. ("Vanderbilt") [AP Dckt 3].

This adversary proceeding was initiated by converting an objection to proof of

claim by the Debtors, Cameron and Sheila Riffe ("Riffes"), into an adversary proceeding

complaint [AP Dckt 1]. The Riffes objected to Vanderbilt's Claim Number 7 [Main Case Dckt

16]. Vanderbilt filed a Response to the Objection [Main Case Dckt 25] and its own Objection to

the Riffes' Proposed Chapter 13 Plan [Main Case Dckt 26]. The Court held a hearing on December 13, 2017.

After the conversion, Vanderbilt filed the instant Motion to Dismiss [AP Dckt 3]. The Riffes filed a Response to the Motion to Dismiss [AP Dckt 6]. Vanderbilt then filed a Reply [AP Dckt 7], and the Riffes filed a Memorandum in Opposition to the Motion to Dismiss [AP Dckt 8]. The Court is vested with jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

**I.**

On July 17, 2013, the Riffes purchased a $74,180.00 manufactured home[1], in part, with the proceeds of a loan from Vanderbilt. The loan was secured by a vehicle title lien on the manufactured home. The Riffes made a down payment of $30,000, with the balance of $45,695.94 being financed. The estimated monthly payment was $535.92 [Claim #7-1].

On October 6, 2017, the Riffes petitioned for relief under Chapter 13 [Main Case Dckt 1]. On October 19, 2017, the Riffes listed Vanderbilt as an unsecured creditor with a claim of $48,000.00 [Main Case Dckt 14 Schedule E/F 4.24]. On October 26, 2017, Vanderbilt filed its Proof of Claim as a secured creditor in the amount of $38,477.38 [Claim #7-1]. The Riffes objected to the Proof of Claim [Main Case Dckt 16].

In order to obtain a lien on real property, West Virginia law ordinarily requires the execution and filing of a deed of trust, which Vanderbilt does not hold. The Riffes contend that since the manufactured home is now permanently affixed to the real estate and is taxed as real

---

[1] The Court refers to the property in this action as a "manufactured home." Some authorities refer to such property as a "mobile home." Under West Virginia law, a mobile home and a manufactured home are considered synonymous. *In re Weikle*, No. 1:17-bk-10001, 2017 WL 4127994 at *1 n.1 (Bankr. S.D. W. Va. Sept. 13, 2017).

property, it is regarded as real property rather than personal. The Riffes thus contend that Vanderbilt's security interest, accomplished by recording its lien on the manufactured home title, is rendered void and Vanderbilt is prioritized as an unsecured creditor.

Vanderbilt, consistent with the Riffes' allegations, acknowledges that the manufactured home is permanently affixed to the real estate and that it is taxed as real property. It responds, however, that there is no legal basis for cancellation or the voiding of its secured lien. Vanderbilt thus moves to dismiss the Riffes' adversary proceeding.

## II.

As noted, it is undisputed that the manufactured home is (1) permanently affixed to the real estate,  (2) treated as real property respecting its taxation, and (3) not subject to a deed of trust. The parties also do not dispute that the characterization of the property in this insolvency setting is dependent upon West Virginia law. *Hall v. Chrysler Credit Corp. (In re JKJ Chevrolet, Inc.)*, 412 F.3d 545, 549 (4th Cir. 2005) ("[U]nless some federal interest requires a different result . . . property interests [in bankruptcy proceedings] are created and defined by state law.") (quoting *Butner v. United States*, 440 U.S. 48, 55, 59 (1979)); *see also Ennis v. Green Tree Servicing, LLC (In re Ennis)*, 558 F.3d 343, 346 (4th Cir. 2009) ("We look to state law (here, Virginia law) to determine whether the mobile home is personal or real property.").

Turning to that applicable law, West Virginia Code section 17A-4A-1 governs the manner in which liens and encumbrances are shown in property of the type here involved:

> The . . . [West Virginia Division of Motor Vehicles] upon receiving an application for a certificate of title to a . . . factory-built home . . . for which a certificate of title is required under article three of this chapter, all of which are hereinafter in this article referred to as vehicles, showing liens or encumbrances upon the vehicle, shall, upon issuing to the owner thereof a certificate of title therefor, show upon the face of the certificate of title all liens or encumbrances disclosed by the application.

3

W. Va. Code § 17A-4A-1. This process is "the sole effective means of perfecting a security interest in . . . a mobile home." *In re Johnson*, 105 B.R. 352, 356 (Bankr. S.D. W. Va. 1989), *aff'd,* 4 F.3d 985 (4th Cir. 1993). That is precisely what Vanderbilt did here. The later affixation of the manufactured home to the real estate did not change its character. The lien continuation provision found in West Virginia's iteration of the Uniform Commercial Code provides as follows:

> (e) Priority of security interest in fixtures over interests in real property. A perfected security interest in fixtures has priority over a conflicting interest of an encumbrancer or owner of the real property if:

> (4) The security interest is:

> > (A) Created in a manufactured home in a manufactured-home transaction; and

> > (B) Perfected pursuant to a statute described in section 9-311(a)(2).[2]

W. Va. Code § 46-9-334(e)(4). This elevated priority deals a fatal blow to the Riffes' cancellation contention. The commentary appended to the preceding West Virginia statutory provision nails the coffin shut:

> **10. Priority in Fixtures: Manufactured Homes. A manufactured home may become a fixture.** New subsection (e)(4) contains a special rule granting priority to certain security interests created in a "manufactured home" as part of a

---

2   This statutory reference appears directed toward the official text of the Uniform Commercial Code. It provides as follows:

> (a) **[Security interest subject to other law.]** Except as otherwise provided in subsection (d), the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to:

> > (2) [list any statute covering . . . mobile homes . . . or the like, which provides for a security interest to be indicated on a certificate of title as a condition or result of perfection, and any non-Uniform Commercial Code central filing statute];

U.C.C. § 9-311 (Am. Law Inst. & Unif. Law Comm'n 1977). West Virginia Code section 17A-411 qualifies as such a statute.

"manufactured-home transaction" (both defined in Section 9-102). Under this rule, a security interest in a manufactured home that becomes a fixture has priority over a conflicting interest of an encumbrancer or owner of the real property if the security interest is perfected under a certificate-of-title statute (see Section 9-311). Subsection (e)(4) is only one of the priority rules applicable to security interests in a manufactured home that becomes a fixture. Thus, a security interest in a manufactured home which does not qualify for priority under this subsection may qualify under another.

W. Va. Code § 46-9-334(e)(4) comment. 10.

There is thus no merit to the Riffes' contention that affixation cancelled or voided Vanderbilt's security interest. As a last measure, the Riffes contend the decision in *In re Weikle*, 2017 WL 4127994, at *4 (Bankr. S.D. W. Va. 2017), somehow requires that Vanderbilt's lien be voided. The case held only that the subject manufactured home became "a fixture of the[] land and . . . [was] a part of the[] real property." *Id.* Lien cancellation was not at issue. The case is thus inapplicable.

It is, accordingly, **ORDERED** that the Motion to Dismiss Adversary Proceeding be, and hereby is, **GRANTED**.